MICHAEL E. WILBUR (State Bar No. 152361)
ANDREA BEDNAROVA (State Bar No. 250709)
FOSTER EMPLOYMENT LAW
3000 Lakeshore Avenue
Oakland, California 94610
Telephone: (510) 763-1900
Facsimile:  (510) 763-5952
Email:  mwilbur@fosteremploymentlaw.com

Attorneys for Defendants
PATTERSON COMPANIES, INC.;
PATTERSON VETERINARY SUPPLY, INC.;
and ANIMAL HEALTH INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY MEREDITH,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PATTERSON COMPANIES, INC.; WEBSTER VETERINARY SUPPLY, INC.; PATTERSON VETERINARY SUPPLY, INC.; ANIMAL HEALTH INTERNATIONAL, INC.; and DOES 1-25,inclusive,<br><br>　　　　Defendants. | Case No. 3:16-cv-242<br><br>**NOTICE OF REMOVAL** |

TO:　　THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND CLERK OF COURT:

　　PLEASE TAKE NOTICE that Defendants PATTERSON COMPANIES, INC.; PATTERSON VETERINARY SUPPLY, INC.; and ANIMAL HEALTH INTERNATIONAL, INC. ("Defendants") hereby remove the above-captioned action, Case No. C15-02167, from the Superior Court of the State of California, County of Contra Costa, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.

**A.　　JURISDICTION**

　　1.　　The U.S. District Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1336, and this case may be removed under 28 U.S.C. § 1441(a), because at least one of Plaintiff's causes of action arises under the laws of the United States, and the claims that are

1 brought by Plaintiff under state law are so related to the claims that arise under the laws of the
2 United States that they form part of the same case or controversy under Article III of the United
3 States Constitution.  In particular, Plaintiff's Second Cause of Action arises under the Age
4 Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Plaintiff's remaining
5 causes of action are all transactionally related to her Second Cause of Action.

6     2.     The U.S. District Court also has original jurisdiction over this matter pursuant to 28
7 U.S.C. § 1332 (a)(1), and this case may be removed pursuant to 28 U.S.C. § 1441(a) and (b),
8 because it is a civil action between citizens of different states, and no properly named defendant is a
9 citizen of the State of California.

**B.**     **INTRADISTRICT ASSIGNMENT**

    3.     Assignment to the Court's San Francisco or Oakland division is proper because which a substantial part of the events or omissions which give rise to Plaintiff's claims occurred in one or more of the following counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma.

**C.**     **GENERAL INFORMATION**

    4.     On December 14, 2015, Plaintiff KIMBERLY MEREDITH filed a Complaint in the Superior Court of the State of California, County of Contra Costa, entitled KIMBERLY MEREDITH, Plaintiff v. PATTERSON COMPANIES, INC., ET AL, and DOES 1-25, Defendants, Case No. C15-02167 (the "Complaint").

    5.     In the Complaint, Plaintiff MEREDITH alleges that Defendants terminated her Employment based on her age in violation of the California Fair Employment and Housing Act ("FEHA") and the Age Discrimination in Employment Act ("ADEA"), and Meredith also claims that Patterson violated provisions of the California Labor Code, the federal Older Workers Benefit Protection Act ("OWBPA"), and Massachusetts law.  A true and correct copy of the Complaint filed by MEREDITH in the Contra Costa County Superior Court is attached hereto as **Exhibit A**.

    6.     Defendants received a copy of the Complaint on December 21, 2015, when it was emailed by Plaintiff's counsel, along with a request that Defendants acknowledge receipt of the summons and Complaint.  True and correct copies of Plaintiff's counsel's December 21, 2015

1  correspondence and all accompanying documents other than the Complaint are attached hereto as
2  **Exhibit B**.
3        7.    On January 11, 2016, counsel for Defendants Patterson Companies, Inc., Patterson
4  Veterinary Supply, Inc., and Animal Health International, Inc. signed and returned acknowledgments
5  of receipt of the Summons and Complaint, and, as a result, service of the Summons and Complaint
6  were deemed complete on January 11, 2016.  Webster Veterinary Supply, Inc. does not currently
7  exist as a separate entity, but is instead is the former name of Patterson Veterinary Supply, Inc.  True
8  and correct copies of the Acknowledgments signed on behalf of Patterson Companies, Inc., Patterson
9  Veterinary Supply, Inc., and Animal Health International, Inc. on January 11, 2016 are attached
10 hereto as **Exhibit C**.
11       8.    This Notice of Removal is timely in that it is filed within thirty days of January 11,
12 2016, the date service of Plaintiff Meredith's Complaint was deemed complete and it also filed
13 within 30 days of the date on which Plaintiff Meredith's counsel emailed a copy of the Complaint to
14 Defendants' counsel and requested that Defendants acknowledge service.  *Murphy Brothers, Inc. v.*
15 *Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999 (thirty day removal period runs for all defendants
16 from the date served with the original complaint).
17 **D.    DIVERSITY OF CITIZENSHIP**
18       9.    Diversity grounds for removal exists based upon the following;
19       a.    Plaintiff Kimberly Meredith was, at the time of commencing this action, and
20 still is, a citizen of California.
21       b.    Defendants Patterson Companies, Inc. and Patterson Veterinary Supply, Inc.
22 were, at the time of commencing this action, and still are, a corporation organized under the laws of
23 the State of Minnesota, and they both maintain their principal place of business in the State of
24 Minnesota.  Defendant Animal Health International, Inc. was, at the time of commencing this action,
25 and still is, a corporation organized under the laws of the State of Colorado, which maintains its
26 principal place of business in Colorado.   Webster Veterinary Supply, Inc. does not currently exist as
27 a separate entity, but is instead is the former name of Patterson Veterinary Supply, Inc.  No
28 Defendant is a citizen of the State of California.  28 U.S.C. §1332 (c)(1).

c.  Defendants designated as DOES 1 through 100 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441 (a); *McCabe v. General Foods Corp.*, 811 F2d 1336, 1339 (9th Cir. 1987). The Doe defendants, therefore, need not consent to this removal.

10. Defendants Patterson Companies, Inc., Patterson Veterinary Supply, Inc., and Animal Health International, Inc. are the only Defendants that have been named and served as of the date of this removal.

### E. AMOUNT IN CONTROVERSY

11  In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

12. The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 1994 F. Supp. 1196, 1198 (N.D. Cal. 1998); *Luckett v. Delta Airlines, Inc.*, 171 F3d. 295, 298 (5th Cir. 1999); *Bosinger v. Phillips Plastics Corp.*, 57 F. Supp. 2d 986, 989 (S. D. Cal. 1999).

13. Plaintiff's employment at Patterson Veterinary Supply, Inc. ended in June 2015, and she alleges in her Complaint that her employment was terminated because of her age. Plaintiff further alleges that she has suffered lost income and benefits and emotional distress as a result of the termination of her employment. (Complaint, ¶ 14.) Plaintiff also seeks an award of punitive damages and she seeks to recover statutory attorneys' fees. (Complaint, ¶ 15 and Prayer for Relief). All of these allegations combined put in controversy an amount in excess of $75,000.

14. Copies of Defendants' Answers to the Complaint, which were filed in the Superior Court, are attached hereto as **Exhibit D**.

DATED: January 14, 2016                    FOSTER EMPLOYMENT LAW

By: /S/ MICHAEL E. WILBUR
    MICHAEL E. WILBUR
    ANDREA BEDNAROVA
    Attorneys for Defendants